# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

EDGARDO NICOLAS MARTINEZ PEREZ

Case No. 16-05934

Chapter 13

Debtors

## ANSWER TO ORDER TO SHOW CAUSE AND MOTION TO INFORM

**TO THE HONORABLE COURT**:

**COMES NOW** Debtor, represented by the undersigned counsel and respectfully ALLEGES and PRAYS as follows:

1. On July 27, 2016, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On April 5, 2019 this Honorable Court ordered the Debtor to Show Cause as to why the instant proceeding should not be dismissed. See, Docket No. 202. This Honorable Court's Order was grounded on the Debtor's failure to comply with the order entered at Docket No. 200 to inform the status of the state court litigation as to the liquidation of the community property. In response thereto, the Debtor shows cause as follows.

3. The state court stopped the litigation of the community property due to the bankruptcy proceedings; however, on April 17, 2019, Debtor's state court counsel requested the court to continue the proceeding pursuant with this Honorable Court's December 4, 2018 Order. See, Exhibit A.

4. Accordingly, the Debtor hereby informs and respectfully requests that this Honorable Court take notice of above mentioned.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court be inform by the information proffered herein and deem the Debtor in compliance with this Honorable Court's April 5, 2019 Order to Show Cause.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification, upon information and belief, of such filing to the following: CHAPTER 13 TRUSTEE AND THE UNITED STATES TRUSTEE and to all CM/ECF participants. We also certify that this same date we have mailed by United States Postal Service the document to all creditors and parties in interest that they are not CM/ECF participants.

**RESPECTFULLY SUBMITTED**.
In San Juan, Puerto Rico this 18th day of March, 2019.

**/s/ William Rivera Vélez**
William Rivera Vélez
USDC No. 229408
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589
E-mail: wrvlaw@gmail.com

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | | |
|---|---|---|
| CARMEN LUISA SEIJO CRUZ<br>Demandante | * <br> * <br> * | CIVIL NÚM: K AC2014-0953<br>(902) |
| Vs. | * <br> * | SOBRE: |
| EDGARDO NICOLAS MARTÍNEZ PÉREZ<br>Demandado | * <br> * | LIQUIDACIÓN DE BIENES<br>GANANCIALES |

## URGENTE MOCIÓN INFORMATIVA Y EN SOLICITUD DE REAPERTURA DEL CASO Y CONTINUACIÓN DE LOS PROCEDIMIENTOS

**AL HONORABLE TRIBUNAL:**

Comparece el demandado del epígrafe, Edgardo Nicolás Martínez Pérez, por conducto de la representación legal que suscribe, y muy respetuosamente, ante este Honorable Tribunal **EXPONE, ALEGA Y SOLICITA:**

1. Mediante Sentencia de 28 de marzo de 2019, notificada el 1ro. de abril de 2019, este Tribunal dictó Sentencia paralizando los procedimientos por razón de que surge del expediente que la parte demandada había presentado una solicitud de quiebra ante el Tribunal Federal para el Distrito de Puerto Rico.

2. Se informa que el Tribunal de Quiebra dictó una Orden el 4 de diciembre de 2018 mediante la que dispuso que las controversias sobre la liquidación de bienes debían atenderse en el Tribunal estatal y se informara en el término de 60 días el estado del caso ante este Tribunal (**Anejo 1**). Por lo tanto, no existe paralización ('stay") en este caso por razón de la quiebra. De hecho, el Tribunal de Quiebra está en espera de las determinaciones en este caso para completar el caso.

3. Precisamente el pasado 6 de marzo de 2019 el Tribunal de Quiebras concedió término para que el demandado informe el status del caso ante este Tribunal (**Anejo 2**). Dicho término fue extendido hasta el 19 de abril de 2019.

4. Ante lo aquí expuesto, se solicita la reapertura del caso y la continuación de los procedimientos.

5. Conforme surge del expediente, el 9 de diciembre de 2016 las partes presentaron "Moción Conjunta en Cumplimiento de Orden Exponiendo Posición de las Partes en Torno a Créditos Reclamados". En la misma estipularon la mayoría de los créditos reclamados por las partes.

6. En la referida moción se informó que aunque no existe controversia en cuanto a las cantidades pagada por el demandado posterior a la fecha de divorcio por concepto de la hipoteca que gravaba la propiedad de la urbanización El Pilar y la de la calle Hostos, la demandante no reconocía el crédito correspondiente, por lo que persistía esa controversia. También existe controversia en torno al crédito que reclama el demandado por el valor rentable por el uso exclusivo por parte de la demandante de la propiedad de la urbanización El Pilar desde la contestación a la demanda en este caso,

fecha en que lo reclamó, hasta la fecha que la desocupó. (Surge del expediente que ambas propiedades fueron vendidas y el producto de la venta está consignado en el Tribunal de Quiebra.)

7. La posición de cada parte en torno a las únicas partidas en controversia (los créditos reclamados por pagos de hipotecas y valor rentable por uso exclusivo de la propiedad) fueron consignadas en la moción presentada el 9 de diciembre de 2016.

8. Mediante Orden de 20 de diciembre de 2016, este Tribunal ordenó a las partes presentar memorandos de Derecho en torno a la controversia sobre los pagos hipotecarios de ambas propiedades.

9. El 26 de enero de 2017 el compareciente presentó "Memorando de Derecho en Relación a Créditos Reclamados por Pagos de los Préstamos Hipotecarios". Por su parte, el 10 de febrero de 2017 la demandante presentó su "Memorando de Derecho".

10. Siendo ambas controversias (los créditos reclamados por el pago de hipotecas y por el valor rentable por el uso exclusivo de la propiedad) puramente de Derecho y teniendo el este Tribunal el beneficio de las posiciones de las partes tanto en la moción conjunta presentada el 9 de diciembre de 2016 como en los memorandos de derecho presentadas, se solicita se resuelvan las mismas.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, 17 de abril de 2019.

**CERTIFICO** que envíe por correo copia fiel y exacta del presente escrito al **Lcdo. Ignacio Villarmarzo García,** Calle Sergio Cuevas Bustamante 517, Urb. Parque Central, San Juan, Puerto Rico 00918, correo electrónico ivillarmarzo@yahoo.com.

GONZÁLEZ Y MORA, C.S.P.

MARITZA GONZÁLEZ ORTIZ-5631

*[firma]*

**CARMEN E. MORA RUIZ-15607**
Edificio Banco Cooperativo Plaza
Oficina 606-B
Ave. Ponce de León 623
San Juan, PR 00917
Tels. (787)759-3695/753-2529
Facsímil (787)764-1918
Email: marigonz@prcinternet.net
moraruizc@aol.com

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

EDGARDO NICOLAS MARTINEZ PEREZ

xx-xx-6279

Debtor(s)

CASE NO. 16-05934-BKT13
Chapter 13

FILED & ENTERED ON DEC/04/2018

ORDER

The Motion filed by Carmen Luis Seijo Cruz requesting claim be allowed as a late filed claim (docket entry No. 174), the Debtor's Objection to Claim No. 14 filed by Claimant Carmen Luisa Seijo Cruz and the Opposition (docket entries Nos. 176 and 184), are held in abeyance. The liquidation of the community property should be resolved at the state court. The confirmation hearing set for 12/13/2018 at 9:00 A.M. is continued sine die. The Debtor will inform within sixty (60) days the status of state court case. The Clerk to follow up. **Order due by 02/04/2019.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4 day of December, 2018.

Brian K. Tester
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 16-05934-BKT13 |
|---|---|
| EDGARDO NICOLAS MARTINEZ PEREZ | Chapter 13 |
| xx-xx-6279 | |
| Debtor(s) | FILED & ENTERED ON MAR/06/2019 |

ORDER

The Debtor to inform the status of the state court litigation as to the liquidation of the community property within fourteen (14) days. Order due by 03/20/2019.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6 day of March, 2019.

Brian K. Tester
United States Bankruptcy Judge

16609027081019

027054