# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

EDGARDO NICOLAS MARTINEZ PEREZ

Case No. 16-05934
Chapter 13

Debtor

## DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

**COMES NOW, DEBTOR**(S), represented by undersigned counsel, and very respectfully alleges and prays as follows:

1. On August 14, 2020, the Trustee filed a Motion to Dismiss the Debtor's Chapter 13 case (hereinafter referred as the "Motion to Dismiss"). *See*, Dk. #215.

2. On August 14, 2020, Debtor filed a Motion in Compliance with Order and Motion to Inform. *See,* Dk. #216. On even date, the Debtor drafted the response to the Motion to Dismiss, however, due to inadvertence, the Debtor did not file such response. Accordingly, on April 23, 2020, this Honorable Court entered an Order Dismissing the instant Chapter 13 case. *See*, Dk. #102.

3. The Order Dismissing the Case, however, should be reconsidered for at least two reasons.

4. First, the Order Dismissing the Case should be reconsidered because it was, in large part, due to excusable neglect. Specifically, due to inadvertence, the Debtor did not file the drafted response to the Motion to Dismiss and the same went unanswered.

5. Second, in response to Trustee's Motion to Dismiss, the Debtor states and responds as follows.

6. The Trustee requested the Dismissal of the above captioned case due to unreasonable delay by the debtor that is prejudicial to creditors. However, the delay, if any, in this case has been due to an ongoing litigation at state court for the liquidation of the community property between the Debtor and Ms. Carmen Seijo Cruz (hereinafter referred as the "Ms. Seijo"), which, in turn is related

to Proof of Claim #14 filed by Ms. Seijo as an unsecured claim in the amount of $374,278.53 (hereinafter referred as the "POC").

7. Specifically, the Debtor filed an objection to the POC on November 2, 2019, because the state court case had not been concluded and, thus, there was no final judgment, nor an amount awarded to Ms. Seijo. *See,* Dk. #176. Thereafter, on November 17, 2018, Ms. Seijo filed an opposition to the objection to the POC. *See,* Dk. #176 and #184.

8. The sufficiency of Debtor's proposed Chapter 13 Plan hinges in the resolution of the objection to the POC and the resolution of the state court case. Accordingly, on December 4, 2018, this Honorable Court ordered that the above matter be held in abeyance and stated that the liquidation of the community property should be resolved at the state court. The Court further ordered the Debtor to inform the status of the state court case. *See,* Dk. #188.

9. Since, and in compliance with this Honorable Court's Order, the Debtor has been filing motions informing the status of the state court case. *See,* Dk. #204, #212 and #216.

10. In addition, the Debtor informs that he has been working diligently to resolver the matter that are impeding the confirmation of the Chapter 13 Plan; however, is Ms. Seijo who has refused to cooperate with the Debtor and has failed to comply with the state court's Orders. Therefore, the delay in this case have been caused by Ms. Seijo's actions and omissions.

11. The Debtor further informs that the confirmation of the Chapter 13 Plan is in the best interest of the creditors since he proposed to pay 100% of the allowed unsecured claims plus interest.

12. It should be noted that the **Debtor has paid over $340,000.00 to the Trustee**. Therefore, excluding the amount incorrectly claim in the POC, the Trustee have on hand enough funds to pay in full the creditors with allowed proof of claims.

13. For the reasons stated above, Debtor respectfully requests this Honorable Court to reconsider the Order Dismissing the Case.

14. Granting this request is in the best interest of creditors and will not cause any delay in the proceedings.

**WHEREFORE,** Debtor hereby respectfully requests that this Honorable Court grant this Motion as requested and set aside the Order of Dismissal.

**14 DAY NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST,** you are hereby notified that you have thirty (14) days from the date of this notice to file an opposition to the foregoing motion and to request a hearing. If no objection or other response is filed within the prescribed period of time, the Debtors motion will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If a timely opposition is filed, the court will schedule a hearing as a contested matter.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants, the USA Trustee and the Chapter 13 Trustee.

**RESPECTFULLY SUBMITTED.**
In San Juan, Puerto Rico this 17th day of September 2020.

**/s/ William Rivera Vélez**
William Rivera Vélez
USDC No. 229408
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589
E-mail: wrvlaw@gmail.com