# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **EDGARDO NICOLAS MARTINEZ PEREZ**<br>SSN xxx-xx-6279<br><br>Debtor(s) | CASE NO: **16-05934-BKT**<br><br>Chapter 13 |

## - AMENDED -

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **WILLIAM RIVERA VELEZ\***

Total Agreed: **$3,000.00**   Paid Pre-Petition: **$0.00**   Outstanding (Through the Plan): **$3,000.00**

---

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325**

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months   ☒ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$244,800.60**

**Liquidation Value: $765,590.00   Estimated Priority Debt: $72,897.78**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately **$692,692.22**

With respect to the (amended) Plan date: **Nov 02, 2018 (Dkt 178)**   Plan Base: **$342,533.91**

**The Trustee:**   ☐ **DOES NOT OBJECT**   ☒ **OBJECTS** Plan Confirmation   Gen. Uns. Approx. Dist.: To be determined. %

The Trustee objects to confirmation for the following reasons:

---

**[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]**

-Debtor has failed to include divorce Judgment for evaluation.

- 1325 (a)(5)(A): Secured creditor(s) provided for in the plan has/have NOT ACCEPTED the same.

- Banco Popular de PR (Claim 3) filed an objection to confirmation because the proposed plan is a substantial modification of the contractual agreement and mortgage, without the consent of the creditor, more so for an account which is not due before the last payment of the plan. (Docket no. 81) Also, creditor is objecting the time frame for the sale of the property to fund the plan. Creditor understands a period of 12 or 18 months is enough to sell the property.

---

**[1325(a)(6)] Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).**

-Debtor paid a lump sum payments that come from the sale of properties but has ceased to make ongoing monthly payments as proposed in the plan.

Debtor stated he is not making payments to the amount already paid to the plan pays in full the general unsecured claims. Nevertheless, the sufficiency of the plan depends on the treatment to Mrs. Carmen Luis Seijo Cruz's claim 14.

---

**[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with Creditors Best Interest Test. [1325(a)(4)]**

The plan is only paying 40% for the general unsecured claims. Nevertheless, this sufficiency of the plan depends on the treatment to Mrs. Carmen Luis Seijo Cruz's

claim 14.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: October 02, 2020

/s/ Mayra Arguelles, Esq.

Last Docket Verified: 223   Last Claim Verified: 15   CMC: AM