**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:                                                    CASE NO. 16-05934 (MCF)

EDGARDO NICOLAS MARTINEZ PEREZ                            CHAPTER 13

    Debtor

## OPINION AND ORDER

We are faced with a chapter 13 case filed in 2016, that has not been confirmed yet. The court has ordered Edgardo Nicolas Martinez Perez (hereinafter "Debtor") to show cause why the case should not be dismissed for failure to file a confirmable plan.

Debtor, Edgardo Nicolas Martinez Perez, filed for bankruptcy on July 27, 2016. About seven months later, the case was dismissed, pursuant to the Chapter 13 Trustee's (hereinafter "the Trustee") motion to dismiss for Debtor's failure to comply with his duties and for failure to resolve issues causing an unreasonable delay (Docket Nos. 63 and 70). Subsequently, the dismissal order was reconsidered and the bankruptcy proceeding continued.

On September 6, 2018, more than two years after the petition date, Debtor's ex-wife, Carmen Luisa Seijo Cruz ( herein "'Seijo Cruz"), filed a notice of appearance and on September 25, 2018, Debtor and Seijo Cruz filed a stipulation informing, among other things: that (1) they have pending a complaint filed in local court for the division of marital property; and (2) they agree that "…the issue will be judged and solve [sic] by the state court (Docket No. 147 at 2)." The Trustee did not oppose the stipulation and it was approved by the court (Dockets Nos. 148 and 172).

Thereafter, Seijo Cruz filed a motion requesting allowance of a late claim because she, nor the marital litigation, had been included in Debtor's schedules and she did not get notice of the bankruptcy process until recently. In his objection to allowance of Seijo Cruz's claim number 14,

Debtor did not deny that he did not give notice to Seijo Cruz nor did he deny that he failed to disclose the litigation in his bankruptcy schedules or statement of financial affairs. He merely stated that the claim had not matured because the state court process has not reached final judgment (Docket Nos. 174 and 176).

Regarding the contested issue of whether to allow Seijo Cruz's late claim, on December 4, 2018, the court (presided by former Bankruptcy Judge Brian K. Tester) ruled that the issue of would be held in abeyance since the liquidation of the property should be resolved by the local court. In addition, the court ordered that Debtor inform within 60 days the status of the litigation in local court (Docket No. 188).

Debtor failed to comply with the order to inform the status of local court litigation and the bankruptcy court, once again, ordered Debtor to do so (Docket No. 200). For a second time, Debtor failed to comply with the court's order and the bankruptcy court issued an order to show cause why the case should not be dismissed for failure to comply with its order (Docket No, 202). Debtor finally answered the order by stating that the local court had stopped litigation due to the bankruptcy proceedings but that Debtor's counsel had requested continuation of the proceedings. No further information was offered regarding the status of the proceedings (Docket No. 204).

Nine months later, the Trustee requested that the court order Debtor to provide the status of the local court proceedings in order to determine if Debtor was causing unreasonable delay prejudicial to creditors (Docket No. 207). Debtor responded by saying "[i]n compliance with this Honorable Court's Order, the Debtor informs that, on February 7, 2020, the State Court held a Status Conference to discuss the status of the case. The parties informed, among other things, the matter pending in the bankruptcy case. Based on the arguments presented by the parties, the State Court ordered Ms. Seijo to address the issues pending before this Honorable Court within 30 days (Docket No 211 at 1)." Debtor did not report as to the stage of the proceedings nor state when he expected to obtain a final judgment (Docket No. 211).

Again, two months later, on May 13, 2020, the court ordered Debtor to inform the status of the proceedings and he responded by saying that the state court was on lockdown due to

COVID-19 pandemic, that no hearing was scheduled and that the case was still pending resolution (Docket Nos. 212 and 216).

On August 14, 2020, the Trustee filed a motion to dismiss the case for failure to file a confirmable plan. This motion was unopposed by the Debtor and the case was dismissed (Docket No. 215 and 219).

On October 7, 2020, after hearing from Debtor and the Trustee, once again the court set aside the dismissal of the case (Docket No. 226). On November 16, 2020, the instant case was reassigned to the undersigned bankruptcy judge (Docket No.228).

On December 7, 2020, this court issued an order to show cause as follows "[t]he Debtor filed for chapter 13 relief on July 27, 2016. The sixty-month period of the plan will elapse within approximately six months and the Debtor has not been able to confirm any plan. The Debtor is ordered to show cause within 21 days why the case should not be dismissed for failure to file a confirmable plan" (Docket No. 233). Debtor responded that the delay in the confirmation of the chapter 13 plan has been caused by Seijo Cruz's actions and omissions. Furthermore, Debtor states that resolution of his objection to Seijo Cruz's claim number 14 is essential for the confirmation of the plan. Debtor also points out that he has paid $340,000 into the plan (Docket No. 241).

We cannot agree with Debtor's argument that the delay in confirmation has been caused by Seijo Cruz. Debtor was the party that neglected to disclose that he was in the midst of litigation with Seijo Cruz when he filed for bankruptcy relief. He did not request authorization from the bankruptcy court to divide or liquidate estate property. Community property that has not been partitioned before the filing of the bankruptcy filing is property of the estate, pursuant to 11 U.S.C. § 541(a)(2), and therefore under the jurisdiction of the bankruptcy court. He also failed to give notice of his bankruptcy filing to Seijo Cruz, who appeared more than two years after the petition date.

In addition, Debtor entered into a stipulation with Seijo Cruz agreeing that local court would be the forum to resolve the liquidation of the conjugal estate. Debtor also stated that resolution of this contested issue is essential for the confirmation of the plan (Docket No. 241).

-3-

Debtor has had more than four and a half years to resolve this impediment to confirmation and has failed to do so.

From the minimal amount of information supplied by Debtor regarding the status of the liquidation proceedings in local court, we find it unlikely that there will be a final judgment soon. Given that the instant case is currently in its 55th month with no expectation of confirmation, the case is dismissed. At this stage in the bankruptcy proceedings, no further reconsiderations of the dismissal order will be considered.

WHEREFORE, IT IS ORDERED that the present case is hereby DISMISSED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of January, 2021.

*Mildred Cabán*

MILDRED CABÁN FLORES
United States Bankruptcy Judge